UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No.4:09-CR-094-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRISTINA JoANN REED, | ) | |
| Defendant. | ) | |

This matter is before the court on Christina JoAnn Reed's ("Reed") February 20, 2011, letter asking the court to suspend her restitution payments. The Clerk of Court is DIRECTED to file and docket her letter as a Motion to Suspend Payments pursuant to 28 U.S.C. § 2241.

Reed explains in her letter motion that, given her current inmate earnings of $27.00 per month plus the small amount she receives from her family, the $50.00 per month BOP deducts from her account under the Inmate Financial Responsibility Act ["IFRP"] imposes a financial hardship on her family. Reed asks that the court defer her obligation to make restitution payments until she is released from prison.

At sentencing, in addition to receiving a 30-month sentence of incarceration, Reed was ordered to pay a special assessment of $100.00, plus $25,893.90 in restitution. *See* Judgment [DE-25]. The restitution was ordered due jointly and severally with Reed's co-defendants, Donald Eugene Lewis and Timothy Mark Parmer. The Judgment contains the following language:

> The special assessment and restitution shall be due in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the [IFRP], are made to the clerk of the court.
>
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

*Id.* at pp. 5-6.

"The immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (internal quotation marks omitted) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine") (internal citations omitted). Furthermore, because Reed's motion stems from the manner in which her sentence is being executed, it appropriately is construed as a Motion to Suspend Payments under 28 U.S.C. § 2241. *See, e.g., Coleman v. Brooks*, 133 Fed. Appx. 51, 53 (4th Cir. 2005) (recognizing § 2241 as the appropriate avenue when a defendant complains, not of the constitutionality of his sentence, but instead of the manner in which his sentence is being executed)).

Prior to seeking any relief from her payment obligations, however, Reed first must exhaust all administrative remedies through the BOP. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973). Thereafter, in order to challenge her payment obligations, Reed must file the appropriate pleadings in the district court of her confinement not in the sentencing court. *See* 28 U.S.C. § 2241(a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Therefore, because this court is not located within the district of Reed's confinement, her Motion to Suspend Payments is DENIED without prejudice for her to pursue § 2241 relief.

2

Case 4:09-cr-00094-F   Document 38   Filed 02/25/11   Page 2 of 3

SO ORDERED.

This, the 25th day of February, 2010.

                                                     JAMES C. FOX
                                                   Senior United States District Judge